UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENESIS MARINE, LLC OF DELAWARE** | CIVIL ACTION |
| | NO. |
| **VERSUS** | |
| | JUDGE |
| **HORNBECK OFFSHORE SERVICES, LLC** | MAGISTRATE JUDGE |

## COMPLAINT

Plaintiff, Genesis Marine, LLC of Delaware ("Genesis") sets forth its complaint for relief against Hornbeck Offshore Services, LLC ("Hornbeck") and avers as follows:

1.

Genesis Marine, LLC of Delaware is a Delaware limited liability company with its principal place of business in the State of Texas. Genesis is in the business of providing maritime transportation and related services.

2.

Hornbeck Offshore Services, LLC is a foreign limited liability company with its principal place of business located at 103 Northpark Blvd., Suite 300, Covington, Louisiana 70433, where it regularly conducts business such that it is subject to the jurisdiction of this Court.

3.

Venue is proper in this Court according to 28 U.S.C. § 1391 because Hornbeck maintains an office in this jurisdiction, where it regularly conducts business such that it is subject to the jurisdiction of this Court.

4.

Subject matter jurisdiction is proper in this Court because this matter involves a breach of a vessel charter agreement to pay charter hire.  Thus, jurisdiction is proper pursuant to 28 U.S.C. § 1333.

5.

Genesis and Hornbeck maintained a business relationship over several years whereby Genesis would charter its vessels to Hornbeck at an agreed upon price according to the parties' Master Time Charter Agreement dated March 3, 2000, between Hornbeck and Anadarko Petroleum Corporation (the "Charter"), Back to Back Vessel In-Charter Agreement dated September 23, 2013, Time Charter Work Order dated November 11, 2014, First Amendment to the Vessel In-Charter Agreement dated December 2, 2014 and Second Amendment to the Vessel In-Charter Agreement dated December 11, 2015, all of which are hereby incorporated herein by reference according to Federal Rule of Civil Procedure 10(c).

6.

According to the parties' Charter and related Agreements, Hornbeck agreed to pay Genesis for its hire of the GM 6507 and GENESIS VALIANT as well as for other related services.

7.

In accordance with the Charter and related Agreements, Genesis issued to Hornbeck the following:  Invoice No. 39111 dated January 9, 2017, in the amount of $696,456.00 for hire of the Energy 6507; Invoice No. 39069 dated January 4, 2017, in the amount of $25,608.76; and Invoice No. 39070 dated January 4, 2017  in the amount of $281.60, which Invoices are hereby incorporated herein by reference according to Federal Rule of Civil Procedure 10(c).

8.

According to the terms of the Charter and related Agreements, Hornbeck was obligated to remit to Genesis all payments made to Hornbeck by the Customer within ten (10) days. Hornbeck has breached this obligation, and, instead wrongfully withheld and converted funds remitted by the Customer to Hornbeck and tendered to Genesis only $121,311.73 as purportedly "full compromise, compensation, settlement and satisfaction of all amounts due and owing to Genesis" under the Charter and related Agreements.

**Breach of Contract**

9.

Genesis realleges the allegations contained in Paragraphs 1-8 of the Complaint.

10.

The aforementioned acts constitute an intentional breach of contract by Hornbeck. Genesis contracted with Hornbeck to provide vessel services to Hornbeck including for charter hire to be paid to Genesis within ten (10) days of receipt from Hornbeck's customer. Hornbeck has failed to do such.

11.

Genesis is entitled to all actual and consequential damages as a result of Hornbeck's breach. Additionally, Genesis is entitled to all contractual damages including attorney's fees, interest, and all other costs related to this suit, under all applicable laws and state and/or federal statutes.

**Conversion**

12.

Genesis realleges the allegations of Paragraphs 1-8 of the Complaint.

13.

Hornbeck's actions herein constitute the tort of conversion.  Hornbeck has converted Genesis's funds paid by Hornbeck's customer to Hornbeck, but Hornbeck has not properly turned over these funds to Genesis.

**Unjust Enrichment**

14.

Genesis realleges the allegations of Paragraphs 1-8 of the Complaint.

15.

Hornbeck has unjustly enriched itself by withholding the funds properly due to Genesis under the Charter and related Agreements and intentionally and negligently failing to disburse the funds to Genesis as provided in the Charter and related Agreements.

16.

Genesis is entitled to all equitable remedies due to this unjust enrichment.

**Detrimental Reliance**

17.

Genesis realleges the allegations of Paragraphs 1-8 of the Complaint.

18.

Genesis is entitled to recover all damages suffered under the equitable doctrine of detrimental reliance.  Genesis relied to its detriment upon Hornbeck's intentional representation that it would pay Genesis for charter hire within ten (10) days of receipt from Hornbeck's Customer.

**Louisiana Open Account**

19.

Genesis realleges the allegations of Paragraphs 1-8 of the Complaint.

20.

According to Louisiana Revised Statute 9:2781, Genesis is entitled to recovery of all sums due it by Hornbeck, plus attorney's fees, interest, and costs.

**Damages**

21.

Genesis realleges the allegations of Paragraphs 1-8 of the Complaint.

22.

Genesis shows that its damages include, but are not necessarily limited to the following:

A. Principal invoice amounts due – $722,346.36;

B. Interest;

C. Attorney's fees; and

D. All other expenses of this lawsuit.

WHEREFORE, Genesis Marine, LLC of Delaware prays that, after due proceedings are had, there be judgment entered in its favor and against Hornbeck Offshore Services, LLC for damages sufficient to compensate it for Hornbeck's breach of contract, intentional misconduct and negligence, and failure to pay on open account; for all equitable relief according to the equitable doctrines set forth herein and all damages to which it is entitled under these equitable doctrines; that all appropriate costs and expenses for prosecuting this action be taxed as costs and awarded to Genesis at the conclusion of these proceedings; and for all attorney's fees incurred.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Evans Martin McLeod*
Evans Martin McLeod (Bar #24846)
David J. Saltaformaggio (Bar #34071)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: marty.mcleod@phelps.com
 david.saltaformaggio@phelps.com

ATTORNEYS FOR PLAINTIFF GENESIS MARINE, LLC OF DELAWARE

PLEASE ISSUE SUMMONS FOR SERVICE UPON:

HORNBECK OFFSHORE SERVICES, LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802