MINUTE ENTRY
ROBY, M.J.
April 27, 2018

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENESIS MARINE, LLC OF DELAWARE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-06763** |
| **HORNBECK OFFSHORE SERVICES, LLC** | **SECTION: "N" (4)** |

**JUDGE KAREN WELLS ROBY, PRESIDING**

LAW CLERK:                          Brian Trepanier
COURT REPORTER/RECORDER:            Sandra Simlin

APPEARANCES:                        Evans McLeod for Plaintiff.
                                    Robert Koch for Defendant.

### ORDER AND MINUTE ENTRY

Before the Court are three pending motions: (1) Plaintiff's **Motion to Compel (R. Doc. 40)**; (2) Defendant's **Motion to Quash Notice of Video Deposition of Samuel Giberga, or Alternatively, Motion for Protective Order, with Expedited Consideration (R. Doc. 34);** and (3) Defendant's **Motion to Quash Notice of Video Deposition of Michael J. Nicaud, Jr., or Alternatively, Motion for Protective Order, with Expedited Consideration (R. Doc. 36)**. The motions were heard on an expedited basis. Oral argument occurred on April 27, 2018.

### I.      Background

The instant litigation was filed by the Plaintiff, Genesis Marine, LLC of Delaware, against Defendant, Hornbeck Offshore Services, LLC, for breach of contract, conversion, unjust enrichment, and detrimental reliance, as well as a claim under Louisiana's open account statute.

R. Doc. 1. The defendant has filed a counterclaim asserting suit on open account, breach of contract, unjust enrichment, and *quantum meruit*. R. Doc. 10.

The parties filed three motions with respect to discovery disputes in the case and sought expedited hearing, which the Court granted. R. Doc. 41. The Plaintiff seeks an order requiring the Defendant to respond fully and without objections to its Interrogatories and Requests for Production. R. Doc. 40. The Defendant seeks to quash the depositions of its in-house counsel Michael J. Nicaud and Samuel Giberga. R. Doc. 34, 36.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B). "In general, the burden of demonstrating the applicability of the privilege rests on the party who invokes it." *Nat'l West. Life Ins. Co. v. West. Nat. Life Ins. Co.*, 2010 WL 5174366, at *2 (W.D. Tex. Dec. 13, 2010); *citing* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008); *Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury,* 768 F.2d 719, 721 (5th Cir.1985).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less

burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir.1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c). Specifically, under subsection (c)(1)(g) of Rule 26, a protective order may be entered "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir.1998).

3

Federal Rule of Civil Procedure 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Discovery of documents, electronically stored information, and tangible things is governed by Rule 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1). Rules 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

If a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id.*

## III. Analysis

### A. Plaintiff's Motion to Compel

The Plaintiff filed a motion to compel the Defendant to respond to its Interrogatories and Requests for Production ("RFP"). R. Doc. 40. The Plaintiff propounded its Interrogatories and RFPs upon the Defendant on March 13, 2018. The Plaintiff states that the Defendant was required to respond by April 12, 2018. On April 12, 2018, the Plaintiff contends that it received an email from the Defendant requesting a ten day extension to the deadline to respond, making responses due on April 23, 2018. At the same time the Defendant submitted objections to the discovery and stated that it would supplement the answers and responses by the end of the next week. The Plaintiff argues that it gave the Defendant the extension, therefore, the Defendant was required to provide its answers by April 23, 2018. Plaintiff further contends that because of the extension the Defendant informed the Plaintiff not to consider the previously produced answers to the discovery requests. Plaintiff states that as of April 25, 2018 it had still not been provided complete responses to discovery which necessitated the instant motion.

The Defendant opposes the motion. R. Doc. 42. Defense counsel states on April 23, 2018, he informed Plaintiff's counsel that responses would be provided by April 25, 2018. The Defendant states that on April 25, 2018, prior to the close of business, the Plaintiff filed the motion

5

to compel without contacting defense counsel to check on the status of discovery. The Defendant argues that the motion is moot because on April 25, 2018, later in the day, it provided discovery responses. Further, the Defendant contends that it contacted the Plaintiff with respect to the motion to compel and was advised the motion would be dismissed should responses be provided. As such, the Defendant contends the motion is moot.

At the oral hearing the Court was informed that responses had been produced. While the production dispute was resolved prior to the hearing, the Plaintiff raised concerns as to the sufficiency of the responses. Due to scheduling concerns and the upcoming May 18, 2018 discovery deadline, the Court found it necessary to begin addressing any sufficiency disputes rather than require the filing of a separate motion to compel to be heard on an expedited basis. The Court, therefore, ordered the parties to attempt to resolve their disputes as to the sufficiency of the responses without the Court's intervention and return later in the day so the Court could resolve any remaining issues.

The parties returned and informed the Court that they had resolved their disputes with respect to the motion to compel. As such, the Court denies the motion to compel as moot.

### B. **The Defendant's Motions to Quash Depositions or Alternatively for a Protective Order**

The Defendant has filed two motions to quash the notice of depositions that were sent to Michael J. Nicaud, Jr. and Samuel Giberga. R. Docs. 34, 36. The Defendant argues that these two individuals are in-house counsel for the Defendant. According to the Defendant these subpoenas are unreasonable, harassing, burdensome, and seek to invade attorney-client privilege.

The Defendant argues that under Fifth Circuit law the party seeking the deposition must show that there are no other means to obtain the information than to depose opposing counsel, the

information sought is relevant and non-privileged, and the information is crucial to the preparation of the examining party's case.

The Defendant argues that both Giberga and Nicaud are not enrolled in the matter, but as in-house counsel are active participants of the trial team. According to the Defendant, they participate in strategy discussion, read and edit pleadings, meet with witnesses, and assist in the collection and review of documents. The Defendant contends that the deposition of these individuals could potentially lead to the disclosure of trial strategy and other attorney work product and that they should not be deposed unless the Fifth Circuit test is satisfied.

The Defendant argues the Plaintiff does not identify what information it seeks from these individuals and specifically why that information could not be obtained from the corporate representative. Defendant argues that the corporate representative is a viable alternative, no 30(b)(6) deposition has been noticed, and because Plaintiff cannot satisfy the requirement that no other means exist to obtain information the Plaintiff cannot satisfy its burden. Here, the defendant argues that Giberga and Nicaud have been involved in the instant litigation as part of the trial team. Nicaud has provided an "Unsworn Declaration Pursuant to 28 U.S.C. § 1746" that himself and Giberga are active members of the trial team who participate in strategy, work on pleadings, meet with witnesses, and participate in document collection and review. R. Doc. 34-2.

In addition, the Defendant argues that the Plaintiff has not and will be unable to demonstrate why the testimony of these individuals is both non-privileged and relevant. The Defendant contends that as in-house counsel they have been extensively involved in the matter and any deposition would lead to a disclosure of trial strategy or attorney work product. As such, the Defendant argues that the depositions should be quashed.

The Plaintiff opposes the motions to quash. R. Doc. 43. Plaintiff argues that the Defendant identified Giberga as an individual likely to have discoverable information in its initial disclosures and was also listed as a fact witness in the initial witness list. According to the Plaintiff, Giberga is listed because the Defendant knows that he was involved with the relevant Shipman and Back to Back In-Charter Agreements in dispute. Further, Plaintiff contends that Giberga is identified as the Defendant's Executive Vice President and General Counsel, signed the agreement with the authority of that position, the agreement is part of the initial disclosures, and after the Plaintiff terminated the Shipman agreements it was Giberga who communicated with the Plaintiffs. It argues that Giberga acted for the Defendant in an ordinary capacity in the normal course of business and not in the capacity as general counsel providing legal advice, and because he acted in conducting business there can be no legitimate claim he cannot be deposed as a fact witness. Plaintiff argues it should be allowed to depose Giberga on his knowledge of the agreements and his communications with Plaintiff while he was acting in the management of the Defendant's business affairs. In addition, Plaintiff states that after it noticed Giberga's deposition the Defendant amended its witness list to remove Giberga as a fact witness to try and prevent a deposition.

The Plaintiff argues that they are entitled to depose Nicaud as a fact witness as well. The Plaintiff argues that he sent the Plaintiff a letter titled "Final Payment of Vessel In-Charter Agreement GM 6507 and GENESIS VALIANT" which purported to tender a full compromise, compensation, and settlement of all amounts owed to Plaintiff under the Charter and related agreements done as a part of normal business activity and had no relation to legal advice. Further, the Plaintiff argues that they are entitled to depose Nicaud because of his knowledge of these agreements, the Defendant's actions in attempting to set-off funds, as well as his communications with the Plaintiff while acting in the management of the Defendant's business.

Many courts have noted that "[t]he Federal Rules of Civil Procedure do not specifically prohibit the taking of an opposing counsel's deposition in a case," *Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.*, No. A-09-CA-711 LY, 2010 WL 5174366, at *2 (W.D. Tex. Dec. 13, 2010), and that "[t]he Federal Rules of Civil Procedure as well as Fifth Circuit precedent do not expressly prohibit the taking of in-house counsel depositions" and, "[a]lthough several districts within the Fifth Circuit caution about the taking of in-house counsel and/or opposing counsel depositions, there is not an express prohibition thereon," *Premier Dealer Servs., Inc. v. Duhon*, No. Civ. A. 12-1498, 2013 WL 5720354, at *4 (E.D. La. Oct. 21, 2013); *see also Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. Civ. A. 12-257-JJB-RLB, 2014 WL 199626, at *1-2 (M.D. La. Jan. 15, 2014) ("Rule 30 of the Federal Rules of Civil Procedure allows for discovery depositions to be taken of 'any person.' Fed. R. Civ. P. 30(a)(1). The Rule itself does not preclude depositions of attorneys. The federal courts, however, disfavor depositions of a party's attorney and allow them only in limited circumstances. In addition, a deponent need not answer a question in a deposition when necessary to 'preserve a privilege.' Fed. R. Civ. P. 30(c)(2).") (citation omitted)).

Courts in the Fifth Circuit have applied the three-prong test established by the Eighth Circuit in *Shelton v. American Motors Corp.,* to determine circumstances when in-house counsel should be subject to being deposed. *Nguyen v. Excel Corp.,* 197 F.3d 200 (5th Cir. 1999); *See Shelton v. American Motors Corp.,* 805 F.2d 1323(8th Cir. 1986). *See Nat'l Western,* 2010 WL 5174366 at *2; *Houston Cas. Co. v. Supreme Towing Co., Inc.,* 2011 WL 5326061, at *4 (E.D. La. Nov. 4, 2011); *Murphy v. Adelphia Recovery Trust,* 2009 WL 4755368 at * 3 (N.D. Tex. Nov. 3, 2009) (rejecting argument that *Shelton* factors should only be applied to trial counsel). The *Shelton* factors are: (1) The deponent must show that no other means exist to obtain the information than to depose the opposing counsel; (2) the information sought must be relevant and non-privileged;

9

and (3) the information sought must be crucial to the preparation of the case. *See Nat'l Western,* 2010 WL 5174366 at *2 (quoting *Nguyen,* 197 F.3d at 209).

However, several courts within the Fifth Circuit, including this one, have found that when an attorney's role in a case is more akin to a "mere business advisor," for a company in an action, he does not constitute "opposing counsel," and therefore *Shelton* factors do not warrant an application. *Nat'l West. Life Ins. Co.,* 2010 WL 5174366 at *3; *see also Advanced Tech. Incubator, Inc., v. Sharp Corp.,* 263 F.R.D. 395, 399 (W.D. Tex. 2009); *Wright v. Life Investors Ins. Co. of America,* 2009 WL 4347024, at *3 (N.D. Miss. Nov. 24, 2009) (finding that *Shelton* factors were not controlling since lawyer acted primarily in a business capacity).

The Court will not quash the depositions. The Court finds that Giberga and Nicaud's role is not that of trial counsel or opposing counsel, as they are more comparable to mere business advisors who may be able to provide testimony as to the contract and agreements that occurred before litigation began. The Court further finds that the affidavit attached insufficient as it provides no specific information as to these individuals involvement in the pending litigation beyond general statements that they participate in trial strategy, edit motions, and meet with witnesses. Further, the information in the affidavit is directly contradicted by the fact that: (1) Neither Giberga nor Nicaud are enrolled in the matter, nor have they enrolled *pro hac vice* so as to sign or file pleadings into the record; (2) outside counsel has been hired to represent the Defendant's interests; (3) they have not identified what, if any, contribution they have provided to trial preparation or strategy; (4) Giberga's title encompasses more than just legal matters because he was listed as an Executive Vice President and Chief Compliance Officer for the Defendant on the original witness list as well as in emails. Further, a review of an earlier witness list in the matter identified Giberga as a fact witness in the case. It appears that the Defendant and these individuals

are attempting to subvert their discovery obligations based on the information currently available to the Court.

During oral argument the Plaintiff identified to the Court that both Giberga and Nicaud had been involved in the negotiations regarding the contracts and agreements in this matter prior to the commencement of any litigation. It was further represented that these individuals would have factual information with respect to the parties' intent of the agreements. Therefore, these individuals acted as "business advisors," or with respect to Giberga, as Executive Vice President, and *Shelton* is therefore inapplicable under these circumstances.

The depositions of Giberga and Nicaud shall occur with limitations and therefore the Court grants the motion to the extent it requested a protective order. The Court finds that the deposition shall be limited to these individuals' roles in the transaction, negotiations, and determinations of the parties' intent on the contract, but not with regards to their role in case strategy or consultation with retained counsel. As such, the motions the depositions shall proceed subject to the above-listed limitations.

**IV.    Conclusion**

**IT IS ORDERED** that the Plaintiff's **Motion to Compel (R. Doc. 40)** is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Defendant's **Motion to Quash Notice of Video Deposition of Samuel Giberga, or Alternatively, Motion for Protective Order, with Expedited Consideration (R. Doc. 34)** and **Motion to Quash Notice of Video Deposition of Michael J. Nicaud, Jr., or Alternatively, Motion for Protective Order, with Expedited Consideration (R. Doc. 36)** are **GRANTED IN PART** and **DENIED IN PART**. The motions are **DENIED** to the extent that the depositions shall occur at a time convenient for the parties and

the witnesses and **GRANTED** to the extent that the depositions shall be limited to these individuals' roles in the transaction, negotiations, and determinations of the parties' intent on the contracts at issue and counsel shall not inquire into the individuals' roles in case strategy or consultation with retained counsel.

New Orleans, Louisiana, this 27th day of April 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

MJSTAR: 00:25