UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENESIS MARINE, LLC OF DELAWARE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6763** |
| **HORNBECK OFFSHORE SERVICES, LLC** | **SECTION "N' (4)** |

## ORDER AND REASONS

Presently before the Court is Plaintiff Genesis Marine, LLC of Delaware's Motion for Judgment on the Pleadings (Rec. Doc. 14). Defendant Hornbeck Offshore Services, LLC has filed a Memorandum in Opposition to Motion for Judgment on the Pleadings (Rec. Doc. 16), to which Plaintiff Genesis Marine, LLC of Delaware has replied. *See* Rec. Doc. 19. Having carefully considered the parties' supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the motion is **DENIED** for the reasons stated herein.

## I. BACKGROUND

The instant action arises out of a contract dispute between Plaintiff Genesis Marine, LLC of Delaware ("Genesis") and Defendant Hornbeck Offshore Services, LLC ("Hornbeck"). *See* Rec. Doc. 1. Genesis filed its Complaint with this Court on July 14, 2017, specifically alleging that in accordance with the Master Time Charter Agreement dated March 3, 2000, between Hornbeck and Anadarko Petroleum Corporation, the Back to Back Vessel In-Charter Agreement dated September 23, 2013, the Time Charter Work Order dated November 11, 2014, First Amendment to the Vessel In-Charter Agreement dated December 2, 2014, and the Second Amendment to the Vessel In-Charter Agreement dated December 11, 2015, Genesis chartered its

1

vessels to Hornbeck at an agreed upon price. (Rec. Doc. 1 at p. 2). In connection with these agreements, Genesis contends that Hornbeck specifically agreed to pay it for the hire of the GM 6507 and GENESIS VALIANT, along with other related services. *Id*.

Genesis argues that in connection with these agreements, it issued several invoices to Hornbeck, which included: (1) Invoice No. 39111 dated January 9, 2017, in the amount of $696,456.00; (2) Invoice No. 39069 dated January 4, 2017, in the amount of $25,608.76; and (3) Invoice No. 39070 dated January 4, 2017 in the amount of $281.60. *Id*. Genesis submits that, according to the terms of the agreements, Horneck was obligated to remit all payments made to it by "the Customer" to Genesis within ten days of receipt of payment. *Id*. at 3. However, Genesis argues that Hornbeck breached its obligation, and "wrongfully withheld and converted funds remitted by the Customer to Hornbeck and tendered to Genesis only $121,311.73 as purportedly 'full compromise, compensation, settlement and satisfaction of all amounts due and owing to Genesis' under the Charter and related Agreements.'" *Id*. Thus, Genesis asserts claims against Hornbeck for: (1) Breach of contract; (2) Conversion; (3) Unjust enrichment; (4) Detrimental reliance; and (5) Louisiana open account under Louisiana Revised Statute 9:2781. *Id* at p. 4-5.

On August 24, 2017, Hornbeck filed an Answer to Complaint and Counterclaim (Rec. Doc. 8), within which Hornbeck denies the allegations related to Genesis' assertion that it breached its obligation to remit payments. *Id* at p. 3. Moreover, Hornbeck denies all allegations relevant to Genesis' claims for breach of contract, conversion, unjust enrichment, detrimental reliance, and for an open account. *Id* at p. 3-5. Hornbeck further asserts several defenses, including the affirmative defenses of accord and satisfaction and setoff and compensation. *Id*. at p. 6-7. Hornbeck also alleges a counterclaim against Genesis in connection with certain Crewman Agreement(s) and Shipman Agreement(s) that were executed between Genesis and Hornbeck's

affiliate, Hornbeck Offshore Operators, LLC ("Hornbeck Offshore"),[1] wherein Hornbeck Offshore agreed to provide certain crewing and vessel management services to Genesis. *Id* at p. 10. Hornbeck states that,

> In addition to unpaid management fees due and owing to Hornbeck under the several Shipman Agreements, Genesis is also indebted to Hornbeck under the Back-to-Back charter between Genesis, Hornbeck and Anadarko for the time charter of the GM 6507 and GENESIS VALIANT for the cost of off charter fuel and lube in the amount of $108,164.78, and shore- based services in the amount of $9,119.86, all provided by Hornbeck on Genesis' behalf. Despite Hornbeck's invoices to Genesis for these materials and services, none of the amounts owed have been paid to date.

*Id*. at p. 13-14. Thus, Hornbeck asserts claims against Genesis for: (1) Suit on open account; (2) Breach of contract; (3) Unjust enrichment; and (4) Quantum meruit. *Id*. at p. 14-16.

Thereafter, Genesis filed the instant motion for judgment on the pleadings, alleging that it is "entitled to judgment as a matter of law that Hornbeck breached its contract with Genesis by failing to remit $722,346.36 owed to Genesis for vessel hire and related services." (Rec. Doc. 14-1 at p. 1). Genesis asserts that the invoices remain unpaid, violating clause 4(F) of the Vessel In-Charter Agreement, which means that it is entitled to judgment as a matter of law and to attorneys' fees and costs. *Id*. at p. 7.

In response, Hornbeck argues that the exhibits to Genesis' motion should be stricken from the record because when considering a motion for judgment on the pleadings under Rule 12(c), the Court is limited to the contents of the pleadings and the attachments thereto. (Rec. Doc. 16 at p. 4-5). Moreover, Hornbeck asserts that Genesis' motion for judgment on the pleadings should be

---

[1] In its counterclaim, Hornbeck asserts that Hornbeck Offshore "has assigned all of its rights and title to any and all causes and rights of action arising out of or otherwise related to the Shipman Agreements to Hornbeck." (Rec. Doc. 8 at p. 14). Thus, Hornbeck asserts that it is entitled to enforce any and all of Hornbeck Offshore's causes and rights of action arising out of or otherwise related to the Shipman Agreements as assignee of Hornbeck Offshore's rights.

denied because "Hornbeck timely filed an Answer to the Complaint and Counterclaim, which clearly raises numerous issues of material fact." *Id*. at p. 6. Hornbeck additionally argues that it asserts several affirmative defenses, such as accord and satisfaction and setoff and compensation, which would defeat recovery if proven. *Id*. at p. 7-9. Finally, Hornbeck alternatively asserts that if this Court decides to consider matters outside of the pleadings, then Genesis' motion should be converted into a motion for summary judgment and more time be allowed to conduct appropriate discovery. *Id*. at p. 9.

In its reply memorandum, Genesis argues that Hornbeck has misconstrued the law relevant to incorporating documents by reference under Federal Rule of Civil Procedure 10(c), and the exhibits to its motion are properly before the Court for review. (Rec. Doc. 19 at p. 1-2). Moreover, Genesis submits that Hornbeck does not, and cannot, offer any evidence to satisfy its burden of proof as to either of the affirmative defenses it has asserted. *Id*. at p. 3. Genesis finally argues that no additional discovery is needed, should this Court decide to convert its motion into a motion for summary judgment. *Id*. at p. 4.

## II. LAW AND ANALYSIS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings once the pleadings have closed, but early enough not to delay trial. Fed.R.Civ.P. 12(c). This type of motion is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Wright & Miller, *Federal Practice & Procedure,* § 1367 at 509–10 (1990); *J.M. Blythe Motor Lines Corp. v. Blalock,* 310 F.2d 77, 78–79 (5th Cir.1962)). Put another way, "[j]udgment on the pleadings is appropriate only if material facts are not in

4

dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) (citing *Hebert Abstract Co.*, 914 F.2d at 76).

"In resolving a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), courts in the Fifth Circuit use 'the same standard applicable to a [Federal] Rule [of Civil Procedure] 12(b)(6) motion.'" *Am. Gen. Life Ins. Co. v. Gibson*, No. CIV.A. 13-5069, 2015 WL 280321, at *5 (E.D. La. Jan. 21, 2015) (citing *Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 610 (5th Cir.2014)). Thus, as the Court does in a 12(b)(6) analysis, it must construe the factual allegations in the light most favorable to the non-moving party, but conclusory allegations and unwarranted deductions of fact are not accepted as true. *See Miletello v. R M R Mech., Inc.*, No. CV 16-1623, 2017 WL 2936798, at *1 (W.D. La. July 10, 2017) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)); *see also Houston Specialty Ins. Co. v. New Jax Condominiums Ass'n Inc.*, No. CIV.A. 13-639, 2013 WL 4089202, at *1 (E.D. La. Aug. 13, 2013) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008) ("As it does when deciding a motion to dismiss under Rule 12(b)(6), the Court must consider the facts in a light most favorable to the non-moving party and will accept as true the plausible factual allegations in the non-moving party's pleadings.").

When considering a motion for judgment on the pleadings, the Court is typically limited to "the contents of the pleadings, including attachments thereto." *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir.2014)) (internal quotation marks omitted). Moreover, under Rule 12(d) of the Federal Rules of Civil Procedure, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).

However, in the context of a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (citing *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004)). Moreover, the Fifth Circuit applied that same rule to documents attached to a motion for judgment on the pleadings, "[g]iven the similarities in the analyses under Rule 12(c) and Rule 12(b)(6)." *Id.* (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002)).

As an initial matter, the Court declines to convert the instant motion for judgment on the pleadings into a motion for summary judgment. Genesis filed a motion to continue the trial date in this matter on March 14, 2018, stating that it had "delayed actively engaging in discovery," and that "[s]ubstantial discovery remains to be conducted." *See* Rec. Doc. 26-1. Thus, a summary judgment motion is not appropriate at this time. Additionally, given that the documents attached to the motion for judgment on the pleadings only included the contracts and the invoices issued by Genesis to Hornbeck, which are all referenced in Genesis' Complaint and central to Genesis' claims, the Court may consider these documents with the motion for judgment on the pleadings without converting the motion to one for summary judgment. The Court further notes that its consideration of these attachments yields the same result as the Court limiting its analysis to only the pleadings.

With regard to the substance of Genesis' motion for judgment on the pleadings, the Court finds that judgment on the pleadings is inappropriate under the circumstances. Hornbeck filed an "Answer to Complaint and Counterclaim" that denies the majority of the allegations in the Complaint, asserts affirmative defenses, and asserts a counterclaim against Genesis. *See* Rec. Doc. 8. Specifically, Hornbeck denies the allegations regarding its failure to remit payments to Genesis,

allegedly resulting in a breach of contract, and allegations relevant to the parties' obligations to each other in connection with Hornbeck's charter of the GM6507 and Genesis Valiant, creating a factual dispute. *Id*. at p. 2-3. Hornbeck also asserts the several defenses noted, including the affirmative defenses of accord and satisfaction and setoff and compensation, in response to Genesis' claims, which would defeat recovery if proven. *Id*. at p. 6-7. Thus, in this context, "judgment on the pleadings is inappropriate because 'a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.'" *RSDC Holdings, LLC v. M.G. Mayer Yacht Servs., Inc.*, No. CV 16-3573, 2017 WL 2311738, at *2 (E.D. La. May 26, 2017) (citing *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989)); *see also* 61A Am. Jur. 2d Pleading § 553 (2018) ("A judgment for the plaintiff on the pleadings cannot be sustained if the answer sets up a valid defense or cross complaint, nor can judgment on the pleadings be entered for a plaintiff where the defendants deny all allegations of wrongdoing and liability, and assert affirmative defenses."). Hornbeck's affirmative defenses, counterclaim, as well as its denial of material facts, are sufficient to survive a motion for judgment on the pleadings, so Genesis' motion must be denied.

### III. CONCLUSION

Accordingly;

**IT IS ORDERED** that Plaintiff Genesis Marine, LLC of Delaware's Motion for Judgment on the Pleadings (Rec. Doc. 14) is **DENIED**.

New Orleans, Louisiana, this 11th day of May 2018.

                                                 **KURT D. ENGELHARDT**
                                                 **UNITED STATES DISTRICT JUDGE**