**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GENESIS MARINE, LLC OF DELAWARE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6763** |
| **HORNBECK OFFSHORE SERVICES, LLC** | **SECTION: "B"(4)** |

<u>**ORDER AND REASONS**</u>

Before the Court are Plaintiff/Counter-Defendant Genesis Marine, LLC of Delaware's ("Genesis") Motion for Attorneys' Fees and Costs (Rec. Doc. 72), Defendant/Counter-Claimant Horneck Offshore Services, LLC's ("Hornbeck") Response Memorandum (Rec. Doc. 73), and Genesis' Supplemental Memorandum (Rec. Doc. 104). The Court also takes into consideration Hornbeck's Memorandum in Response to the Court's August 3, 2018 Order (Rec. Doc. 71) and Genesis' Response to Hornbeck's Memorandum (Rec. Doc. 74). For the reasons below,

**IT IS ORDERED** that the motion for attorneys' fees and costs is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

Genesis is a Delaware limited liability company with its principal place of business in Texas. *See* Rec. Doc. 1 at 1. Hornbeck is a foreign limited liability company with its principal place of business in Covington, Louisiana. *See id*.

Over several years, Genesis chartered its vessels to Hornbeck at an agreed upon price according to written agreements.[1] *See id*. In accordance with the written agreements, Genesis issued several invoices to Hornbeck. *See id*. at 2. Hornbeck was obligated to remit to Genesis all payments made to Hornbeck by customers within ten days. Genesis alleged that Hornbeck breached its obligation by wrongfully withholding and converting funds remitted to Hornbeck by customers and tendered to Genesis only $121,311.73 as full payment of all amounts due and owing to Genesis. *See id*.

Genesis brought an action against Hornbeck, claiming breach of contract, conversion, unjust enrichment, detrimental reliance, all sums due to it by Hornbeck with interest, and attorneys' fees and costs. *See* Rec. Doc. 1. Hornbeck, citing to an asset purchase agreement between the two businesses for tug and tank barges, brought several counterclaims. *See* Rec. Doc. 8 at 7-14. Specifcally, Hornbeck alleged suit on open account, breach of contract, unjust enrichment, and quantum merit. *See id*. at 14-17.

On June 18, 2018, trial began.[2] After Hornbeck rested its case, the parties were ordered to submit post-trial memoranda and joint stipulations. *See* Rec. Doc. 56. The parties were also informed that closing arguments would take place on July 25, 2018.

---

[1] The written agreements included the parties' Master Time Charter Agreement, Back to Back Vessel In-Charter Agreement, Time Charter Work Order, First Amendment to the Vessel In-Charter Agreement, and Second Amendment to the Vessel In-Charter Agreement. *See* Rec. Doc. 1 at 2.
[2] It was a non-jury trial.

*See id*. On August 3, 2018, after considering trial evidence, parties' memoranda, and the law, this Court ordered "that there be a judgment in favor of [Genesis] and against [Hornbeck] in the [stipulated] amount of [$722, 356.35], plus interest at [the] federal rate and reasonable [attorneys'] fees." *See* Rec. Doc. 70 at 2. The Court also ordered "that [Hornbeck's] counterclaims [be] dismissed with prejudice, except for stipulated services. [Genesis'] awarded sum [was] to be reduced by stipulated amount of [$117, 284.54]." *See id*.

Furthermore, as to attorneys' fees, the Court ordered that the parties submit briefing on the following issues:

1. To what extent Hornbeck is entitled to fees for successful result in seeking payment for shore services, lube and oil, etc. Including to the extent they might have waived such claim; and

2. Amount of fees being sought, including the rate and hours for legal services.

The parties were to brief only for fees on successful claims and entitlement thereto. *See id*. at 3. Parties submitted said briefings. *See* Rec. Doc. Nos. 71, 74. On August 10, 2018, Genesis filed a motion for attorneys' fee and costs. *See* Rec. Doc. 72. On August 17, 2018, Hornbeck responded in opposition. *See* Rec. Doc. Nos. 73.

**LAW AND ANALYSIS**

In this Country, the prevailing party of a cause of action is usually not entitled to recover attorneys' fees and costs from the

non-prevailing party. *See Galveston County Navigation Dist. No. 1 v. Hopson Towing Co.*, 92 F. 3d 353, 356 (5th Cir. 1996). This general rule is known as the "American Rule" and applies in both maritime and admiralty causes of action. *See id*. Pursuant to the American Rule, parties must pay their own attorneys' fees and costs unless an applicable statute or enforceable contract exists. *See id*.

Some contracts contain what is commonly referred to as a prevailing party provision. "Prevailing party provisions generally state that when a dispute over the contract arises the party who loses in litigation must pay the legal fees of the party who prevails in litigation." *See Malin Int'l Ship Repair & Drydock, Inc. v. M/V Seim Swordfish*, 611 F. Supp. 2d 627, 636 (E.D. La. 2009). Such provisions have the effect of law between the parties of the contract. *See Vega v. Autumnwood Homes, Inc.*, 2017 LEXIS 184180 *1, *6 (E.D. La. 2017). Courts are to interpret and enforce the provision according to the common intent of the parties. *See id*. Absent ambiguity, the provision shall be enforced as written. *See id*. at *7.

In the instant case, an enforceable contract exists. In fact, more than one enforceable contract exists. The contracts relevant to the issue being analyzed by the Court are the Master Time Charter and the Ship Management Agreements. While the Ship Management Agreements do not provide for the recovery of attorneys'

4

fees and costs, the Master Time Charter does. Specifically, Section 1302 of the Master Time Charter states that

> If the Master Agreement is placed in the hands of an attorney on account of any dispute *under the Master Agreemen*t, [or] if suit is brought on sample, or if sums due *under the Master Agreement* are collected through bankruptcy or probate proceedings, then the prevailing party shall be entitled to recover reasonable attorneys' fees and costs from the other party. Rec. Doc. 71 at 1-2 (emphasis added).

The parties agree that the main issue of this case was whether Genesis improperly terminated the Ship Management Agreements and thereby authorized Hornbeck to set off its invoices for unpaid ship management fees. The Court, finding that this issue did not fall under the Master Time Charter, ruled in favor of Genesis.

Genesis, calling itself the prevailing party of the main issue of this case, argues that the Court's finding entitles it to attorneys' fees and costs. Genesis' argument is not convincing as Genesis points to no statute or contract that would support an award of attorneys' fees and costs for a dispute that was not brought under the Master Time Charter. *See Vega*, 2017 LEXIS 184180 at *5. Genesis contends that regardless of which contract the main issue is based upon, Genesis' Complaint and Hornbeck's counterclaim are based upon the same common core set of facts making the claims intertwined. *See* Rec. Doc. 74 at 3. However, being based upon common facts is not sufficient. *See Vega*, 2017

LEXIS 184180 at *5 ("Attorney's fees may only be awarded if provided for by statute or contract.").

The Court relies mainly on *Vega v. Autumnwood Homes, Inc*. In that case, the Court denied a party's motion for attorneys' fees and costs, finding that a plain reading of a prevailing party provision in one relevant contract contemplated recovery of attorneys' fees and costs for litigation brought under that contract, not for litigation brought under the other relevant contract between the parties. *See id*. at *11 ("In conclusion, a plain reading of the contested provision in the Purchase Agreement shows that the provision contemplates attorney's fees from litigation pursuant to the Purchase Agreement, not other documents between the parties like the Act of Sale. Therefore, because the parties in the instant case did not intend to provide for attorney's fees for litigation arising from their Act of Sale, Defendant is not entitled to attorney's fees.").

Although the instant case is not one involving a property law issue, the legal principles applied in *Vega* are applicable here. Simply put, the agreed upon main issue of this case was found to not fall under the Master Time Charter—the only relevant contract that provides recovery of attorneys' fees and costs. The Master Time Charter provides recovery of reasonable attorneys' fees and costs from the other party for not just any dispute, but only disputes falling under the Master Time Charter. A plain

reading of Section 1302 of the Master Time Charter shows that the parties did not intend to provide for attorney's fees for the instant issue. Therefore, Genesis is not entitled to recover attorneys' fees and costs from Hornbeck absent statutory or contractual authority to stray from the American Rule. In other words, for the reasons explained above, Genesis is not entitled to recover attorneys' fees and costs from Hornbeck for its defense of Hornbeck's claims asserted under the Ship Management Agreements.

Even if, as originally found, the Master Time Charter is applicable in the current fee contest, relief is nullified by the existence of two prevailing parties on pertinent claims. *See Malin Int'l Ship Repair & Drydock, Inc.*, 611 F. Supp. at 636.

New Orleans, Louisiana, this 22nd day of March 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE

7